Buckley LLP v. Series 1 of Oxford Ins. Co. NC LLC, 2020 NCBC 81.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

BUCKLEY LLP,

                 Plaintiff,

v.

SERIES 1 OF OXFORD
INSURANCE COMPANY NC LLC,

                 Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 21128

**ORDER AND OPINION ON
MOTIONS TO COMPEL
[Public][1]**

1.     **THIS MATTER** is before the Court on Plaintiff Buckley LLP's ("Buckley")

Motion to Compel ("Buckley's Motion"), (ECF No. 75), and Defendant Series 1 of

Oxford Insurance Company NC LLC's ("Oxford") Motion to Compel Production of

Documents Withheld as Privileged ("Oxford's Motion"), (ECF No. 82), (together, the

"Motions").

2.     The Motions put at issue whether certain email communications were

properly withheld from production by both parties on grounds of attorney-client

privilege and/or work product immunity. Oxford's Motion challenges whether

Buckley, a law firm, may withhold certain email communications with the outside

law firm Buckley retained to investigate workplace misconduct allegations against

one of Buckley's founders. Buckley claims the outside firm was engaged in legal work

---

[1] Recognizing that this Order and Opinion cites and discusses communications that the parties contend are protected from disclosure due to the attorney-client privilege and/or work product doctrine, and out of an abundance of caution, the Court elected to file this Order and Opinion under seal on November 9, 2019. The Court then permitted the parties an opportunity to propose redactions to the public version of this document. Neither Plaintiff nor Defendant proposed any redactions.

in connection with and separate from the investigation and thus that Buckley's assertion of privilege is proper; Oxford disagrees, arguing that Buckley's outside counsel was not engaged in legal work during or after the investigation. Buckley's Motion seeks production of certain email communications involving Oxford's general counsel. Oxford argues that its general counsel's communications were made in her legal, not business, capacity, and thus are privileged; Buckley disagrees, contending that these communications were made in the general counsel's business role during Oxford's claims review process and thus should be produced.

3. After reviewing the Motions, the briefs in support of and in opposition to the Motions, the relevant materials associated with the Motions, the arguments of counsel at a hearing on the Motions, and the materials provided by the parties for the Court's *in camera* review, the Court, in the exercise of its discretion and for good cause shown, hereby rules on the Motions as set forth below.

> *Williams & Connolly LLP, by William T. Burke, Elizabeth Wilson, and John K. Villa, McGuireWoods LLP, by Mark Kinghorn, and Buckley LLP, by Adam Miller, for Plaintiff Buckley LLP.*

> *Womble Bond Dickinson (US) LLP, by James P. Cooney, Jonathan R. Reich, Elizabeth J. Bondurant, James S. Derrick, and Marcey A. Selle, for Defendant Series 1 of Oxford Insurance Company NC LLC.*

Bledsoe, Chief Judge.

## I.

## FINDINGS OF FACT

4. These findings of fact are made solely for the purpose of deciding the Motions. Any findings of fact that are more appropriately considered conclusions of law are incorporated therein.

5. Buckley is a law firm located in Washington, D.C., and Oxford is an insurance company. (Am. Compl. ¶¶ 1–2, ECF No. 56.) This action concerns whether coverage is available to Buckley under an insurance policy Oxford issued to Buckley on December 29, 2017 that affords coverage to Buckley for certain losses associated with the departure of key revenue-generating partners (the "Policy"). (Am. Compl. Ex. A.)

6. Buckley filed its Complaint initiating this action on October 29, 2019, which it later amended on August 4, 2020, asserting claims against Oxford for breach of contract, unfair and deceptive trade practices, breach of the duty of good faith and fair dealing, and tortious refusal to settle an insurance claim, all of which are based on Oxford's refusal to provide coverage under the Policy in connection with the departure from the firm of one of the firm's founding partners, Andrew Sandler ("Sandler"), shortly after the Policy's inception. (Compl., ECF No. 3; Am. Compl.)

7. The facts concerning Buckley's retention of an outside law firm and that firm's work for Buckley are relevant to the Court's consideration of Oxford's Motion. Likewise, the facts concerning the work performed by Oxford's general counsel are significant to the resolution of Buckley's Motion. The Court discusses each below.

8.     On December 15, 2017, three members of Buckley's Executive Committee learned of potential misconduct by Sandler.  (Ex. 1 – Excerpts Dep. John P. Kromer 70:14–71:11, 73:23–74:6, ECF No. 86.1; *see also* Ex. 6 – Buckley Notice Claim, at BUC015219, ECF No. 82.7.)  Both Buckley's in-house general counsel and its outside counsel were immediately contacted after the Executive Committee met concerning this information.  (Ex. 1 – Excerpts Dep. John P. Kromer 79:20–80:6.)

9.     In response to the misconduct allegations against Sandler, the Executive Committee engaged Latham & Watkins LLP ("Latham"), a prominent national law firm, on December 21, 2020 to investigate Sandler's conduct.  (Ex. 1 – Excerpts Dep. John P. Kromer 82:2–4 ("[W]e decided that we should engage outside counsel to assist and conduct the investigation."); Ex. 3 – Buckley Engagement Letter Latham & Watkins, ECF No. 82.4; Ex. 6 – Buckley Notice Claim, at BUC015219 ("Latham was retained thereafter to conduct a confidential, independent investigation of the allegation.").)

10.     An investigation into the alleged misconduct was required under Buckley's firm policies.  (Ex. 1 – Excerpts Dep. John P. Kromer 81:9–18 ("The policy required that we investigate all allegations of harassment or other misconduct.  And so, you know, we believed it was the right thing to do generally.  It also was consistent with what the firm handbook requires."); Ex. 13 – Joint Decl. Benjamin Klubes, John Kromer, & Christopher Witeck ¶ 2 ("In the event of a complaint regarding potential harassment, the Harassment-Free Policy . . . ***requires*** [Buckley] to investigate: 'All reported or reasonably suspected occurrences of harassment ***will be***

*investigated* . . . in a confidential manner and as promptly and thoroughly as is practicable and necessary.' "), ECF No. 92.5.)

11. The work Latham performed for Buckley is critical to the resolution of Oxford's Motion. Latham's engagement letter with Buckley provided, "You have asked us to represent you in connection with an internal review of a personnel matter." (Ex. 3 – Buckley Engagement Letter Latham & Watkins, at BUC015158.) The engagement letter further stated, "Our responsibilities under this agreement are to provide legal counsel and assistance to you in accordance with this letter[.]" (Ex. 3 – Buckley Engagement Letter Latham & Watkins, at BUC015159.)

12. According to one of Latham's two principal partners involved in the investigation, the engagement letter "was intended to cover a broad range of legal advice and services that Latham might need to provide to Buckley in connection with the allegations against Mr. Sandler." (Ex. 4 – Decl. Jonathan C. Su ¶ 4, ECF No. 86.4.) This same Latham partner also avers that Latham was hired both to investigate the misconduct allegations and "to perform a number of legal functions in connection with the investigation into the allegations against Mr. Sandler[.]" (Ex. 4 – Decl. Jonathan C. Su ¶ 3.) In that regard, he asserts that "Latham continued to provide legal advice to Buckley regarding some of these issues after the investigation of Mr. Sandler ended in February 2018." (Ex. 4 – Decl. Jonathan C. Su ¶ 3.)

13. For its part, Buckley has offered evidence that Latham was hired to "conduct an impartial investigation that was fair to all involved . . . while protecting the identities of the women who had made allegations[.]" (Ex. 13 – Joint Decl. Benjamin

Klubes, John Kromer, & Christopher Witeck ¶ 3.) Buckley agrees with Latham that the scope of Latham's representation included legal advice in addition to pure investigatory services. (*See* Ex. 1 – Excerpts Dep. John P. Kromer 98:6–14 ("In addition to conducting the investigation, we received legal advice . . . regarding whether or not to continue the investigation following Mr. Sandler's departure, or his announcement of his departure. We received advice regarding our policies and procedures related to sexual harassment and personal misconduct.").)

14. Latham's partner also declares that "Latham reasonably anticipated from the outset of the investigation that there might be potential litigation against [Buckley] as a result of the allegations, and therefore, investigated the facts and conducted legal research and analysis regarding potential claims to prepare for any such litigation[,]" (Ex. 4 – Decl. Jonathan C. Su ¶ 5), although it does not appear that Buckley had a view whether litigation was likely at the time of the investigation, (*see* Ex. 6 – Excerpts Dep. Christopher Witeck 268:15–16 ("[W]e still didn't have a sense of what [the] potential exposure to the firm was."), ECF No. 86.6.)

15. Rather than participate in the investigation, Sandler decided to depart from Buckley.[2] He executed a Retirement Agreement with Buckley which became effective on February 26, 2018. (Ex. 6 – Buckley Notice Claim, at BUC015220.) The investigation was subsequently closed at the end of February 2018. Latham did not prepare and deliver factual findings in connection with the investigation but continued to provide services to Buckley through May 2018. (Ex. 6 – Excerpts Dep.

---

[2] Whether Sandler's departure from Buckley was voluntary or involuntary is a hotly disputed issue in this case.

Chris Witeck 267:1–6, 267:15–20, 268:7–22 ("Q. All right. Well, after Mr. Sandler signed the document labeled retirement agreement on February 25, 2018, was there anything further for Latham to investigate? . . . A. Look there were lots of different things. . . . [W]e took some time and evaluated all these different scenarios, risks, components, however you want to characterize it, before the investigation was closed.").)

16. On March 7, 2018, Buckley notified Oxford of its claim under the Policy "due to the . . . impending retirement of . . . Sandler[.]" (Ex. 9 – Buckley Notice Anticipated Claim, at OXF0020593, ECF No. 82.10.) Some months later, on October 19, 2018, Buckley submitted a Claim Submission (the "Claim"), indicating that Sandler's departure from Buckley was voluntary as stated in the Retirement Agreement. (Ex. 6 – Buckley Notice Claim, at BUC015220.)

17. Afterwards, a team at Oxford that included Oxford's in-house general counsel, Susan Euteneuer ("Euteneuer"), reviewed whether the Claim was covered by the Policy. (Ex. 6 – Aff. Susan M. Euteneuer ¶ 7 ("I am a member of the Claim Review Committee with Mary Claire Goff, President of the Taft Companies, and Oxford's Managing Member, Michael DiMayo."), ECF No. 84.7; Ex. 2 – Excerpt Dep. Susan Euteneuer 184:2–185:3 ("So, at this point in time, the pivotal question was, could this be a covered claim? And that was the question that we then reviewed in order to do that gatekeeping role[.]"), 185:4–11 ("Q. And who was involved in that process? A. Mike DiMayo, me, Mary Claire Goff, I believe Paul Francisco. And this

was not a coverage determination, per se, but really just a gatekeeping role."), ECF No. 84.3.)

18. Euteneuer's role in this review—whether legal or business—is critical to the determination of Buckley's Motion. At the time Buckley submitted the Claim, Oxford did not have a formal claims department, and Euteneuer never formally acted solely as a claims adjuster, investigator, or manager. (Ex. 6 – Aff. Susan M. Euteneuer ¶ 6.)[3] During the pendency of the Claim, however, Euteneuer wore two "hats," a legal role as Oxford's general counsel and a business role with authority to approve coverage and resolve claims. (Exs. Pl.'s Br. Supp. Mot. Compel Ex. 7, at 26:9–17, 116:3–10, 118:8–19; *see also* Ex. 2 – Excerpts Dep. Susan Euteneuer 187:18–21 ("So I . . . do have two roles."); Ex. 4 – Oxford Claims Manual, at OXF00000211, ECF No. 84.5.)

19. Oxford's Chief Financial Officer testified that Euteneuer's claims review role is not considered a legal function within the company. (Exs. Pl.'s Br. Supp. Mot. Compel Ex. 7, at 141:9–11.) For her part, Euteneuer testified that she "give[s] advice to the company[,]" never taking off her "lawyer hat," even in the initial evaluation stage regarding claims. (Ex. 2 – Excerpt Dep. Susan Euteneuer 185:6–188:4; *see also* Ex. 6 – Aff. Susan M. Euteneuer ¶ 5 ("My responsibilities include providing legal advice and analysis in all aspects of the operations of these companies.").)

20. In the fall of 2018, Buckley pressed Oxford to conduct an initial review and determination of its Claim so it could receive payment by year-end. (Ex. 6 – Aff.

---

[3] Oxford subsequently created a claims department consisting of Euteneuer and one other person. (Exs. Pl.'s Br. Supp. Mot. Compel Ex. 7, at 21:3–5, ECF No. 76.1.)

Susan M. Euteneuer ¶ 9; *see also* Ex. 2 – Excerpt Dep. Susan Euteneuer 188:9–21.) Oxford's review team concluded then that the Claim should be covered. (Ex. 5 – Excerpts Dep. Michael DiMayo 212:4–213:1, ECF No. 84.6.) Soon thereafter, however, on October 22, 2018, Oxford received a letter from Sandler stating that it "would be inappropriate" to pay Buckley's Claim because his departure was not a " 'voluntary retirement' as set forth in the [P]olicy." (Ex. 7 – London Letter Oct. 22, 2018, ECF No. 84.8.) This new information, together with Oxford's ongoing inability to determine the specific amount of Buckley's net loss, caused Oxford to seek and obtain a third-party review of the Claim. (Ex. 6 – Aff. Susan M. Euteneuer ¶ 10; *see also* Ex. 5 – Excerpts Dep. Michael DiMayo 269:4–21.)

21. Oxford never paid Buckley's Claim, and Buckley eventually filed suit. (Compl.) Soon after filing, on November 12, 2019, Buckley served its First Set of Requests for Production of Documents to Defendant Oxford. Buckley's request sought documents related to Oxford's review of Buckley's Claim, including Oxford's file on the Claim and all documents and communications reflecting Oxford's internal deliberations concerning the Claim. (Exs. Pl.'s Br. Supp. Mot. Compel Ex. 1.)

22. On May 1, 2020, Oxford produced two privilege logs, which were later revised on July 17, 2020, listing responsive documents that Oxford had withheld from production or redacted. The logs identified several communications about the Claim involving Euteneuer which Oxford withheld as privileged. (Exs. Pl.'s Br. Supp. Mot. Compel Exs. 9–10.) Buckley challenged Oxford's position as to these specific communications, (Exs. Pl.'s Br. Supp. Mot. Compel Ex. 2), and although Oxford

subsequently produced some additional communications after further review, (Exs. Pl.'s Br. Supp. Mot. Compel Exs. 4–6), the parties reached an impasse concerning the production of additional documents from among those Oxford has withheld as privileged, (Exs. Pl.'s Br. Supp. Mot. Compel Exs. 12–13).

23. On December 18, 2019, Oxford served its First Set of Requests for Production of Documents to Buckley. Oxford's requests sought, in part, documents and communications between Buckley and Latham concerning the Sandler investigation and reflecting whether Buckley believed Sandler would eventually have to leave the firm. (Ex. 10 – Oxford's First Set Reqs. Produc. Docs., ECF No. 82.11.)

24. Buckley objected to producing any communications between Buckley and Latham on both attorney-client privilege and work product grounds. (Ex. 11 – Buckley's Objection Resp. Oxford's First Set Reqs. Produc. Docs., ECF No. 82.12.) Buckley later produced a privilege log on May 7, 2020 listing these withheld communications. (Ex. 1 – Buckley Latham Privilege Log Dated 05.07.2020, ECF No. 82.2; *see also* Ex. 2 – Docs. Oxford Moves Compel, ECF No. 82.3.) The parties' further negotiations did not lead to the production of any of these documents.

25. Having exhausted their efforts at compromise, the parties submitted discovery dispute summaries pursuant to Business Court Rule 10.9—Buckley's on August 21, 2020 and Oxford's on August 28, 2020. The Court thereafter permitted each party to file the Motions with supporting briefs and materials.

26. Buckley has identified the withheld documents it seeks at Exhibits 12 and 13 of its Exhibits to Plaintiff's Brief in Support of Motion to Compel (the "Oxford

Communications"). (ECF No. 76.1.) Oxford has identified the documents it claims Buckley has improperly withheld at Exhibit 2 – Documents Oxford Moves to Compel (the "Buckley Communications"; together with the Oxford Communications, the "Communications"). (ECF No. 82.3.)

27. After full briefing, the Court held a hearing on the Motions via videoconference on October 6, 2020 (the "Hearing"), at which all parties were represented by counsel.

28. After the Hearing, the Court concluded, in the exercise of its discretion and for good cause shown, that an *in camera* review of the Communications was warranted and issued an order to that effect on October 12, 2020. (ECF No. 89.) The parties thereafter submitted the Communications to the Court for *in camera* review on October 15 (Oxford) and October 17 (Buckley). The Court has now completed its review,[4] and the Motions are therefore ripe for resolution.

II.

CONCLUSIONS OF LAW

29. Any conclusions of law that are more appropriately considered findings of fact are incorporated therein.

30. Each party contends that the other party has improperly withheld from production documents on grounds of attorney-client privilege and/or work-product immunity. (Pl.'s Mot. Compel, ECF No. 75; Def. Series 1 Oxford Insurance Company NC, LLC Mot. Compel Produc. Docs. Withheld Privileged, ECF No. 73.)

---

[4] The *in camera* review materials have not been filed on the Court's docket but have been retained and can be made a part of the court record in the event of an appeal.

A.     Attorney-Client Privilege

31.     Buckley argues that Oxford has improperly withheld communications as privileged in which Euteneuer was acting in a business role as part of Oxford's processing of Buckley's Claim rather than in her role as the company's general counsel providing legal advice. (Pl.'s Br. Supp. Mot. Compel 7–12, ECF No. 76.) Buckley contends that the "central feature of Oxford's ordinary business as an insurance company is claims processing, and by its very nature, claims processing involves fact-finding, reviewing the terms of the insurance policy to determine whether there is coverage for a given set of facts, and assessing business factors associated with processing claims[,]" which "is far from a solely legal inquiry." (Pl.'s Br. Supp. Mot. Compel 9.)

32.     Seeking a similar result, Oxford contends that Latham's investigation of Sandler involved "a single interview of a person with direct knowledge, and ended when Sandler withdrew from [Buckley,]" and that "the primary purpose of the investigation was [related to] the day-to-day operations of [the] business[.]" (Mem. Series 1 Oxford Insurance Company NC, LLC Supp. Mot. Compel Produc. Docs. Withheld Privileged 8, ECF No. 83.) As such, Oxford argues that Latham was not involved in providing legal advice and that the communications between Buckley and Latham therefore are not privileged. (Mem. Series 1 Oxford Insurance Company NC, LLC Supp. Mot. Compel Produc. Docs. Withheld Privileged 7–9.)

33.    The Supreme Court of North Carolina has recognized a five-part test to determine when the attorney-client privilege applies to a communication:

> (1) the relation of attorney and client existed at the time the communication was made, (2) the communication was made in confidence, (3) the communication relates to a matter about which the attorney is being professionally consulted, (4) the communication was made in the course of giving or seeking legal advice for a proper purpose although litigation need not be contemplated and (5) the client has not waived the privilege.

*In re Miller*, 357 N.C. 316, 335, 584 S.E.2d 772, 786 (2003) (quoting *State v. McIntosh*, 336 N.C. 517, 523–24, 444 S.E.2d 438, 442 (1994)).  "If any one of these five elements is not present in any portion of an attorney-client communication, that portion of the communication is not privileged."  *Id.*  "The burden is always on the party asserting the privilege to demonstrate each of its essential elements."  *Id.* at 336, 584 S.E.2d at 787 (citation omitted).

34.    Importantly, a client and its counsel "may not avail themselves of the protection afforded by the attorney-client privilege if the attorney was not acting as a legal advisor when the communication was made."  *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 32, 541 S.E.2d 782, 791 (2001); *see also United States ex rel. Thomas v. Duke Univ.*, No. 1:17-CV-276, 2018 U.S. Dist. LEXIS 150001, at *18 (M.D.N.C. Sept. 4, 2018) ("[W]hen an attorney does non-legal work for a client, communications in connection with that non-legal work are not privileged."); *Henson v. Wyeth Labs., Inc.*, 118 F.R.D. 584, 587 (W.D. Va. 1987) ("[I]n order for the privilege

to apply, the attorney receiving the communication must be acting as an attorney and not simply as a business advisor.").[5]

35. Accordingly, "[b]usiness advice, such as financial advice or discussion concerning business negotiations, is not privileged." *Window World of Baton Rouge*, 2019 NCBC LEXIS 54, at *65 (quoting *N.C. Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 517 (M.D.N.C. 1986)). "When communications contain intertwined business and legal advice, courts consider whether the 'primary purpose' of the communication was to seek or provide legal advice[,]" *id.* at *66, and therefore, "[c]orporate documents prepared for simultaneous review by legal and nonlegal personnel are often held to be not privileged because they are not shown to be communications made for the primary purpose of seeking legal advice[,]" *N.C. Elec. Membership Corp.*, 110 F.R.D. at 514.

36. In addition, "simply copying an attorney on a communication does not cloak that communication with the attorney-client privilege." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:13-CV-193, 2014 U.S. Dist. LEXIS 201138, at *12 (W.D. Va. Sept. 26, 2014). In general, "courts are obligated to strictly construe the privilege and limit it to the purpose for which it exists." *Evans*, 142 N.C. App. at 31, 541 S.E.2d at 790.

37. Based on its *in camera* review, the Court concludes that many of the Communications have been improperly withheld as privileged because the "primary

---

[5] "In defining the contours . . . to the attorney-client privilege, the Supreme Court of North Carolina has recognized that it is appropriate to look to federal case law for guidance." *Window World of Baton Rouge, LLC v. Window World, Inc.*, 2019 NCBC LEXIS 54, at *42 n.29 (N.C. Super. Ct. Aug. 16, 2019) (citing *Miller*, 357 N.C. at 330, 584 S.E.2d at 783).

purpose" of these communications was not "to seek or provide legal advice." The Court will address each set of Communications in turn.

### 1. Oxford Communications

38. The North Carolina courts have made clear that, "although the protection given to communications between attorney and client apply equally to in-house counsel, an insurance company and its counsel may not avail themselves of the protection afforded by the attorney-client privilege if the attorney was not acting as a legal advisor when the communication was made." *Id.* at 32, 541 S.E.2d at 791 (citations omitted); *see also, e.g.*, *Morris v. Scenera Research, LLC*, 2011 NCBC LEXIS 34, at *15 (N.C. Super. Ct. Aug. 26, 2011) ("When the in-house counsel's legal advice is merely incidental to business advice, the privilege does not apply."); *MSF Holding, Ltd. v. Fiduciary Tr. Co. Int'l*, No. 03 Civ. 1818 (PKL) (JCF), 2005 U.S. Dist. LEXIS 34171, at *2 (S.D.N.Y. Dec. 7, 2005) ("In-house counsel often fulfill the dual role of legal advisor and business consultant. Accordingly, to determine whether counsel's advice is privileged, we look to whether the attorney's performance depends principally on her knowledge of or application of legal requirements or principles, rather than her expertise in matters of commercial practice." (citations, internal quotation marks, and brackets omitted)).

39. In particular, the privilege will not cloak communications involving an insurance company's counsel when that counsel is acting in a business role, including in the insurer's routine processing of insurance claims. *See, e.g.*, *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 671 (S.D. Ind. 1991) ("To the extent that this

attorney acted as a claims adjuster, claims process supervisor, or claim investigation monitor, and not as a legal adviser, the attorney-client privilege would not apply."); *see also, e.g.*, *Menapace v. Alaska Nat'l Ins. Co.*, Civil Action No. 20-cv-00053-REB-STV, 2020 U.S. Dist. LEXIS 191695, at *32 n.11 (D. Colo. Oct. 15, 2020) ("[W]here an attorney is acting as a claims adjuster, he is performing a business function rather than providing legal advice and thus his communications related to those activities are not privileged."); *Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160, 163 (D. Minn. 1986) ("To the extent that [lawyers] acted as claims adjusters, then, their work-product, communications to client, and impressions about the facts will be treated herein as the ordinary business of plaintiff, outside the scope of the asserted privileges.").

40.     The evidence before the Court shows that Euteneuer had a substantial business role at Oxford in reviewing and processing claims for payment and engaged in that business role in connection with the Buckley Claim.  While certain Oxford Communications involving Euteneuer reflect the primary purpose of giving and receiving legal advice, most show that Euteneuer's sole or primary role in connection with the communication was in her business role of reviewing Buckley's Claim in the ordinary course of Oxford's business.  The Court concludes that all such ordinary-course-of-business Oxford Communications are not protected by the attorney-client privilege.

41. The Court has set forth at Appendix A its conclusions concerning the specific Oxford Communications at issue on Buckley's Motion and shall order Oxford to produce those communications the Court has concluded are not privileged.

### 2. Buckley Communications

42. Generally, when materials are created "in the ordinary course of business" and "pursuant to [company] policy," they are available for discovery. *Fulmore v. Howell*, 189 N.C. App. 93, 104, 657 S.E.2d 437, 444 (2008) (citations omitted); *see also, e.g., Shaffer v. Nw. Mut. Life Ins. Co.*, Civil Action No. 5:05CV1 (STAMP), 2006 U.S. Dist. LEXIS 59294, at *13 (N.D.W. Va. Aug. 21, 2006) ("This Court finds that this document was prepared in the ordinary course of business . . . . Thus, this document is not protected by the attorney-client privilege because it was not prepared for the purposes of seeking, obtaining[,] or providing legal assistance.").

43. This principle applies in the context of corporate investigations, so an investigating attorney's communications in the course of an investigation are not necessarily cloaked with privilege. *See, e.g., Thomas*, 2018 U.S. Dist. LEXIS 150001, at *19 ("[T]he participation of counsel in an internal investigation does not 'automatically cloak the investigation with legal garb.' " (quoting *In re Grand Jury Subpoena*, 599 F.2d 504, 511 (2d Cir. 1979))); *see also, e.g., In re Allen*, 106 F.3d 582, 602 (4th Cir. 1997) ("[N]ot all communications between an attorney and client during attorney-conducted investigations constitute legal work entitled to attorney-client privilege."); *Koumoulis v. Indep. Fin. Mktg. Grp.*, 29 F. Supp. 3d 142, 146 (E.D.N.Y. 2014) ("[T]he mere fact that a communication is made directly to an attorney . . . does

not mean that the communication is necessarily privileged, and . . . [i]nvestigatory reports and materials are not protected by the attorney-client privilege . . . merely because they are provided to, or prepared by, counsel." (citations and internal quotation marks omitted)).

44.     Nevertheless, "[t]he relevant question is not whether [an attorney] was retained to conduct an investigation, but rather, whether this investigation was 'related to the rendition of legal services.' " *Allen*, 106 F.3d at 603 (quoting *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991)); *see also In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 758–59 (D.C. Cir. 2014) ("So long as obtaining or providing legal advice was one of the significant purposes of the internal investigation, the attorney-client privilege applies[.]"); *cf. United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996) ("Where the attorney [conducting an investigation] was asked for business (as opposed to legal) counsel, no privilege attached."); *Moore v. Dan Holdings, Inc.*, No. 1:12CV503, 2013 U.S. Dist. LEXIS 61378, at *16 (M.D.N.C. Apr. 30, 2013) (holding attorney-client privilege applies when the defendant "retained counsel not to conduct an investigation as part of the normal course of business, but rather that he retained counsel to provide legal advice.").

45.     The evidence before the Court shows, as Buckley argues, that the Sandler investigation was an unprecedented event in the life of the Buckley firm.  The evidence also makes clear, however, that the investigation Buckley retained Latham to perform was one required under Buckley's firm policies as part of Buckley's internal complaint procedure, (Ex. 13 – Joint Decl. Benjamin Klubes, John Kromer,

& Christopher Witeck ¶ 2 ("All reported or reasonably suspected occurrences of harassment **will be investigated** [by Buckley] . . . in a confidential manner and as promptly and thoroughly as is practicable and necessary.")), and consistent with Buckley's business practice, (Ex. 1 – Excerpts Dep. John P. Kromer 81:9–18 ("[W]e believed [an investigation] was the right thing to do generally. It also was consistent with what the firm handbook requires.")).

46.     As such, the evidence shows that the investigation was initiated and pursued in the ordinary course of Buckley's business, and, contrary to Buckley's contentions, the fact that Buckley hired a prominent outside law firm to conduct the investigation does not change this fact. While a Latham partner involved in the investigation offers affidavit testimony that Latham performed legal functions in connection with the investigation of Sandler, that testimony on its own does not serve to cloak all of Latham's investigatory work with attorney-client privilege. *See, e.g.*, *Allen v. TV One, LLC*, Civil Action No. DKC 15-1960, 2016 U.S. Dist. LEXIS 169641, at *11–12 (D. Md. Dec. 8, 2016) (attorney's statement that her "work sometimes involved conducting and overseeing Company investigations based on [her] legal expertise and solely in [her] capacity as in-house counsel" insufficient for privilege); *cf. Allen*, 106 F.3d at 604–05 (highlighting evidence beyond an attorney's statement in finding attorney-client privilege during an investigation).

47.     And while the engagement letter also suggests Latham was to provide legal counsel in connection with the investigation, "an engagement letter cannot reclassify nonprivileged communications as 'legal services' in order to invoke the attorney-client

privilege[.]" *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 620 (7th Cir. 2009).

48. The Court's *in camera* review of the Buckley Communications shows that many were made to or by Latham solely or primarily in furtherance of its investigation into Sandler's alleged misconduct in accordance with Buckley's firm policies and were unrelated to the rendition of legal services. The Court concludes that these Buckley Communications are not privileged and should be produced. That said, it is also clear from the evidence presented that Buckley retained Latham to provide legal services apart from its investigative efforts. Many of the Buckley Communications reflect a primary purpose of giving or receiving legal advice. The Court concludes these Buckley Communications are privileged and have been properly withheld.

49. Of special note are three specific sets of documents that Buckley has withheld as privileged.

50. First, Buckley has withheld a number of communications involving Buckley, Latham, and SKDKnickerbocker, a public relations firm retained by Buckley to advise in connection with Sandler's departure. The Court concludes that these Buckley Communications are properly withheld as privileged to the extent they were made to facilitate or assist in the rendering of legal advice to Buckley. *See, e.g.*, *MLC Auto., LLC v. Town of S. Pines*, No. 1:05cv1078, 2007 U.S. Dist. LEXIS 2841, at *13 (M.D.N.C. Jan. 11, 2007) ("[F]or the same reasons that communications of corporate officers and employees are protected by the attorney-client privilege, so are

communications of a corporation's third-party consultants where the communications are made to facilitate or assist in the rendition of legal services, or to provide the consultants legal advice and strategies formulated by counsel so that the consultant can carry out related tasks on behalf of the client.").

51. Next, Buckley has withheld as privileged several communications containing Latham's invoices for its services between December 2017 and May 2018. "Typically, the attorney-client privilege does not extend to billing records and expense reports." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999). It is only when an invoice "reveal[s] the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law" that makes it privileged. *Id.* (quoting *Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)). The Court therefore will find privilege only to the extent these Buckley Communications reflect such information.

52. Finally, Buckley has withheld as privileged a large number of emails that concern the scheduling of various calls and meetings and similar non-substantive matters. Such communications are not privileged unless they reflect the seeking or rendering of legal advice. *See, e.g.*, *Rossman v. EN Eng'g, LLC*, No. 19 C 5768, 2020 U.S. Dist. LEXIS 186429, at *13 (N.D. Ill. Oct. 8, 2020) (holding that "defendant's claims of privilege that cover emails scheduling phone conferences, asking for a document, and exchanging pleasantries are somehow confidential or examples of having sought legal advice are meritless"); *Kleeberg v. Eber*, No. 16-CV-9517 (LAK) (KHP), 2019 U.S. Dist. LEXIS 80428, at *60 (S.D.N.Y May 13, 2019) (holding that

"email communications that merely seek to schedule a call regarding a legal matter are not privileged so long as they do not convey or seek legal advice"); *In re MI Windows & Doors, Inc.*, Case No. 2:12-mn-00001, 2013 U.S. Dist. LEXIS 63392, at *9 (D. S.C. May 3, 2013) (holding that an "email indicating a meeting request . . . is not privileged"). Few of the withheld emails of this sort reflect the seeking or providing of legal advice, and except as to those that do, the Court will order that these Buckley Communications must be produced.

53. The Court has set forth at Appendix B its conclusions concerning the specific Buckley Communications at issue on Oxford's Motion and shall order Buckley to produce those communications the Court has concluded are not privileged.

B. <u>Work Product Doctrine</u>

54. Buckley seeks to protect a number of the Buckley Communications due to work-product immunity.[6] Unlike the attorney-client privilege, "[t]he protection given to matters prepared in anticipation of trial, or 'work product,' is not a privilege, but a 'qualified immunity.' " *Evans*, 142 N.C. App. at 28, 541 S.E.2d at 788 (quoting *Willis v. Power Co.*, 291 N.C. 19, 35, 229 S.E.2d 191, 201 (1976)). "The work product doctrine protects materials prepared in anticipation of litigation from discovery." *Sessions v. Sloane*, 248 N.C. App. 370, 383, 789 S.E.2d 844, 855 (2016). As is the case with attorney-client privilege, "[t]he party asserting work product protection bears the burden of proof of establishing entitlement to it." *Suggs v. Whitaker*, 152 F.R.D. 501,

---

[6] Oxford does not withhold any of the Oxford Communications on this ground.

505 (M.D.N.C. 1993).[7] "[I]t is incumbent upon the party to come forward with a specific demonstration of facts supporting the requested protection." *Id.* " 'Because work product protection by its nature may hinder an investigation into the true facts, it should be narrowly construed consistent with its purpose[,]' which is to 'safeguard the lawyer's work in developing his client's case.' " *Evans*, 142 N.C. App. at 29, 541 S.E.2d at 789 (quoting *Suggs*, 152 F.R.D. at 505).

55.    For the work product doctrine to apply, "[materials] must be prepared *because* of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). Where, as in this case, employee misconduct is alleged, "it can be expected that designated personnel will conduct investigations, not only out of a concern for future litigation, but also to prevent reoccurrences, to improve safety . . . , and to respond to regulatory obligations." *Id.*

56.    Indeed, the work product doctrine does not apply to materials that "would have been created in essentially similar form irrespective of the litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998); *see also, e.g., Cook v. Wake Cty. Hosp. Sys.*, 125 N.C. App. 618, 625, 482 S.E.2d 546, 551–52 (1997) (finding an investigatory report not protectable work product where the "report would have been compiled, pursuant to [its] policy, regardless of whether . . . litigation was ever

---

[7] "Decisions under the federal rules are . . . pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules[,]" including Rule 26(b)(3) of the North Carolina Rules of Civil Procedure, which defines the work product doctrine. *Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989).

anticipated"); *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 750 (E.D. Va. 2007) ("While RLI did hire outside counsel to interface with Conseco, hiring outside counsel does not excuse RLI from its duty to investigate insurance claims. RLI submitted no specific evidence that it would have conducted the . . . investigation differently had no litigation been anticipated."); *cf. In re Capital One Consumer Data Sec. Breach Litig.*, No. 1:19md2915 (AJT/JFA), 2020 U.S. Dist. LEXIS 112177, at *7 (E.D. Va. June 25, 2020) ("[W]here . . . the relevant document may be used for both litigation and business purposes, the court must determine the driving force behind the preparation of the requested document." (citation and internal quotation marks omitted)).

57.     The evidence of record does not suggest that the Buckley Communications were made because of anticipated litigation arising from Sandler's misconduct. None of the Buckley Communications mentions or discusses the prospect of litigation. Latham's engagement letter does not mention anticipated litigation. No Buckley attorney has testified that litigation was feared or contemplated. The only evidence suggesting that litigation was anticipated from the Sandler investigation is Latham's October 2020 affidavit to this effect. (*See* Ex. 4 – Decl. Jonathan C. Su ¶ 5 ("Based on past experience with sexual harassment investigations, Latham reasonably anticipated from the outset of the investigation that there might be potential litigation[.]").) And that affidavit does not show that the investigation would have proceeded, or the Buckley Communications would have been made, differently in any

respect had litigation not been anticipated. This is insufficient to carry Buckley's burden.

58.     The Court therefore concludes that none of the Buckley Communications is properly withheld based on the work product doctrine.

III.

CONCLUSION

59.     The Court has applied its findings of fact and conclusions of law to each of the Communications, and, as noted above, has set forth its conclusions concerning its determination of privilege as to each document on the attached Appendices A and B.[8]

60.     **WHEREFORE**, for the reasons set forth above, and in the exercise of its discretion, the Court hereby **ORDERS** as follows:

    a.  Buckley's Motion is **GRANTED in part** and **DENIED in part**. Oxford shall produce those Oxford Communications the Court has identified in Appendix A as non-privileged within thirty-five (35) days of the entry of this Order.

    b.  Oxford's Motion is **GRANTED in part** and **DENIED in part**. Buckley shall produce those Buckley Communications the Court has identified in Appendix B as non-privileged within thirty-five (35) days of the entry of this Order.

---

[8] The Court has written this Order and Opinion, including Appendices A and B, to avoid disclosure of the substantive content of any of the Communications. All of the Communications, however, are identified by Bates number and are available for review in the event of an appeal.

c. Oxford and Buckley shall serve revised and updated privilege logs in light of the Court's rulings herein within thirty-five (35) days of the entry of this Order.[9]

**SO ORDERED**, this the 9th day of November, 2020

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge

---

[9] The Court has selected the date for compliance, mindful of the notice of appeal period under Rule 3 of the North Carolina Rules of Appellate Procedure, to provide each party an adequate opportunity to either move for reconsideration or to appeal and seek appropriate interim relief prior to compliance, should either choose to do so. While a motion to reconsider will likely result in a swifter resolution than an appeal, the Court reminds the parties that this Court, relying on federal law, has concluded that the permitted grounds for reconsideration are "fairly narrow[,]" *In re Se. Eye Center-Judgments*, 2017 NCBC LEXIS 77, at *9 (N.C. Super. Ct. Aug. 22, 2017) (quoting *Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005)), and include "(1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice[,]" *Window World of Baton Rouge, LLC v. Window World, Inc.*, 2019 NCBC LEXIS 7, at *8 (quoting *Wiley v. Buncombe Cty.*, 846 F. Supp. 2d 480, 487 (W.D.N.C. 2012)). The Court has further noted that "[a] motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *W4 Farms, Inc. v. Tyson Farms, Inc.*, 2017 NCBC LEXIS 99, at *5 (N.C. Super. Ct. Oct. 19, 2017) (quoting *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015)).

# APPENDIX A – OXFORD COMMUNICATIONS

| No. | Tab # | Court's Privilege Decision | Parties' Log Description |
|---|---|---|---|
| OXF-PRIV-000372 | Ex. 12, 1 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding information Buckley provided for claim. |
| OXF-PRIV-000720 | Ex. 12, 2 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF-PRIV-000371 | Ex. 12, 3 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding information Buckley provided for claim. |
| OXF-PRIV-000719 | Ex. 12, 4 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF-PRIV-000350 | Ex. 12, 5 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF-PRIV-000715 | Ex. 12, 6 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding Buckley financials and claim. |
| OXF-PRIV-000349 | Ex. 12, 7 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |

| | | | |
|---|---|---|---|
| OXF-PRIV-000049 | Ex. 12, 8 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF-PRIV-000344 | Ex. 12, 9 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding Buckley severance packages claims. |
| OXF-PRIV-000343 | Ex. 12, 10 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding Buckley severance packages claims |
| OXF-PRIV-000342 | Ex. 12, 11 | Privileged in part; third paragraph beginning with "Even" and accompanying link are privileged and may be redacted; the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose and thus are not privileged | Confidential email reflecting attorney-client communication regarding Buckley severance packages claims. |
| OXF-PRIV-000327 | Ex. 12, 12 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding engagement of investigator. |

| | | | |
|---|---|---|---|
| OXF00055062–64 | Ex. 13, 1 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose; the bullet point starting "2." in the 10/3/18 8:02 PM email from Mary Claire Goff may be redacted as irrelevant | Confidential email reflecting attorney-client communication regarding Buckley pending claim. |
| OXF00055058–61 | Ex. 13, 2 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose; the bullet point starting "2." in the 10/3/18 8:02 PM email from Mary Claire Goff may be redacted as irrelevant | Confidential email reflecting attorney-client communication regarding Buckley pending claim. |
| OXF00055054–57 | Ex. 13, 3 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose; the bullet point starting "2." in the 10/3/18 8:02 PM email from Mary Claire Goff and the second sentence of 10/3/18 8:36 PM email from Mary Claire Goff may be redacted as irrelevant | Confidential email reflecting attorney-client communication regarding Buckley pending claim. |

| OXF00055050–53 | Ex. 13, 4 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose; the bullet point starting "2." in the 10/3/18 8:02 PM email from Mary Claire Goff and the second sentence of 10/3/18 8:36 PM email from Mary Claire Goff may be redacted as irrelevant | Confidential email reflecting attorney-client communication regarding Buckley pending claim. |
|---|---|---|---|
| OXF00050964–65 | Ex. 13, 5 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00054735–36 | Ex. 13, 6 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00045822–23 | Ex. 13, 7 | Privileged in part; the first sentence of the 10/26/18 11:38 AM email from Susan Euteneuer is privileged and may be redacted; the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00054733–34 | Ex. 13, 8 | Privileged in part; the first sentence of the 10/26/18 11:38 AM email from Susan Euteneuer is privileged and may be redacted; the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |

| | | | |
|---|---|---|---|
| OXF00050888–88_1 | Ex. 13, 9 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of claim. |
| OXF00055030–31 | Ex. 13, 10 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of claim. |
| OXF00054719–23 | Ex. 13, 11 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding claim investigation. |
| OXF00050852–57 | Ex. 13, 12 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00054714–18 | Ex. 13, 13 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding claim investigation. |
| OXF00050843–48 | Ex. 13, 14 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00054708–13 | Ex. 13, 15 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding claim investigation. |

| | | | |
|---|---|---|---|
| OXF00050839–42 | Ex. 13, 16 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00050835–38 | Ex. 13, 17 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00050830–34 | Ex. 13, 18 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding Buckley claim notice. |
| OXF00054959–60 | Ex. 13, 19 | Not privileged; redactions are within draft email subsequently sent to third party without alteration | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim |
| OXF00054957–58 | Ex. 13, 20 | Not privileged; redactions are within draft email subsequently sent to third party without alteration | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00054954–56 | Ex. 13, 21 | Not privileged; was disclosed to third parties without redactions | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00054950–53 | Ex. 13, 22 | Not privileged; redactions are within draft email subsequently sent to third party without alteration | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |

| | | | |
|---|---|---|---|
| OXF00054946–49 | Ex. 13, 23 | Not privileged; redactions are within draft email subsequently sent to third party without alteration | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00054941–45 | Ex. 13, 24 | Not privileged; redactions are within draft email subsequently sent to third party without alteration | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00054936–40 | Ex. 13, 25 | Not privileged; redactions are within draft email subsequently sent to third party without alteration | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00054930–35 | Ex. 13, 26 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00054891–91 | Ex. 13, 27 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00054966–66 | Ex. 13, 28 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding review of the Buckley claim. |
| OXF00054886–86 | Ex. 13, 29 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding review of the Buckley claim. |

| OXF00050799–03 | Ex. 13, 30 | Privileged in part; final paragraph of 12/12/18 7:52 PM email from Euteneuer to Costello is privileged and may be redacted; the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
|---|---|---|---|
| OXF00050793–98 | Ex. 13, 31 | Privileged in part; final paragraph of 12/12/18 7:52 PM email from Euteneuer to Costello is privileged and may be redacted; the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00050787–92 | Ex. 13, 32 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00055024–25 | Ex. 13, 33 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00050694–97 | Ex. 13, 34 | Not privileged; disclosed in Ex. 11 to Pl.'s Br. Supp. Mot. Compel, (ECF No. 76.1), and the redacted sentence in bullet point 2 was not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |

| | | | |
|---|---|---|---|
| OXF00050358–61 | Ex. 13, 35 | Not privileged; disclosed in Ex. 11 to Pl.'s Br. Supp. Mot. Compel, (ECF No. 76.1), and the redacted sentence in bullet point 2 was not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00001511–11_4 | Ex. 13, 36 | Not privileged; disclosed in Ex. 11 to Pl.'s Br. Supp. Mot. Compel, (ECF No. 76.1), and the redacted sentence in bullet point 2 was not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00050690–93 | Ex. 13, 37 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00050681–85 | Ex. 13, 38 | Privileged | N/A |
| OXF00050675–80 | Ex. 13, 39 | Privileged in part; the 12/24/18 9:09 AM email from Susan Euteneuer is privileged and may be redacted; the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |

| | | | |
|---|---|---|---|
| OXF00050668–74 | Ex. 13, 40 | Privileged in part; the 12/24/18 9:09 AM email from Susan Euteneuer is privileged and may be redacted; the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00050664–67 | Ex. 13, 41 | Not privileged; the redacted portions of Kristan Costello's 12/23/18 2:38 PM email to Susan Euteneuer were disclosed in Ex. 11 to Pl.'s Br. Supp. Mot. Compel, (ECF No. 76.1); the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00054925–27 | Ex. 13, 42 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding investigation of Buckley claim. |
| OXF00050632–37 | Ex. 13, 43 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00052776–81 | Ex. 13, 44 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00054919–24 | Ex. 13, 45 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |

| | | | |
|---|---|---|---|
| OXF00054962–62 | Ex. 13, 46 | Privileged in part; second line of 7:37 PM message from Susan Euteneuer is privileged and may be redacted; the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding Buckley severance packages claims |
| OXF00054883–83 | Ex. 13, 47 | Privileged in part; second line of 7:37 PM message from Susan Euteneuer is privileged and may be redacted; the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding Buckley severance packages claims. |
| OXF00050517–23 | Ex. 13, 48 | Privileged | N/A |
| OXF00050509–16 | Ex. 13, 49 | Privileged | N/A |
| OXF00050499–06 | Ex. 13, 50 | Privileged | N/A |
| OXF00054910–17 | Ex. 13, 51 | Privileged | Attachment to a privileged email. |
| OXF00055021–22 | Ex. 13, 52 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding independent investigation of claim. |
| OXF00055114–14 | Ex. 13, 53 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding independent investigation of claim. |

| | | | |
|---|---|---|---|
| OXF00055019–20 | Ex. 13, 54 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding independent investigation of claim. |
| OXF00055112–13 | Ex. 13, 55 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding independent investigation of claim. |
| OXF00050222–29 | Ex. 13, 56 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00050214–21 | Ex. 13, 57 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00054683–90 | Ex. 13, 58 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00050213–13 | Ex. 13, 59 | Not privileged; redaction downgraded | N/A |
| OXF00050207–08 | Ex. 13, 60 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose; DiMayo 1/7/19 7:20 PM email also disclosed at OXF0050204-06, OXF0054675-76, and OXF050201-03 without redactions | Confidential email reflecting attorney-client communication regarding independent investigation of claim. |

| | | | |
|---|---|---|---|
| OXF00054677–78 | Ex. 13, 61 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose; DiMayo 1/7/19 7:20 PM email also disclosed at OXF0050204-06, OXF0054675-76, and OXF050201-03 without redaction | N/A |
| OXF00050204–06 | Ex. 13, 62 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding independent investigation of claim. |
| OXF00054675–76 | Ex. 13, 63 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00050201–03 | Ex. 13, 64 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding independent investigation of claim. |
| OXF00054672–74 | Ex. 13, 65 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose; DiMayo 1/7/19 7:20 PM email also disclosed at OXF0050204-06, OXF0054675-76, and OXF050201-03 without redaction | N/A |

| | | | |
|---|---|---|---|
| OXF00050198–00 | Ex. 13, 66 | Privileged in part; email from Euteneuer to DiMayo 1/8/19 6:50:32 PM is privileged and may be redacted; DiMayo 1/7/19 7:20 PM email disclosed at OXF0050204-06, OXF0054675-76, and OXF050201-03 without redaction, and the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding independent investigation of claim. |
| OXF00054669–71 | Ex. 13, 67 | Privileged in part; email from Euteneuer to DiMayo 1/8/19 6:50:32 PM is privileged and may be redacted; DiMayo 1/7/19 7:20 PM email disclosed at OXF0050204-06, OXF0054675-76, and OXF050201-03 without redaction, and the rest were not made in the course of giving or seeking legal advice or for a primarily legal purpose | N/A |
| OXF00054961–61 | Ex. 13, 68 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding review of the Buckley claim. |
| OXF00054882–82 | Ex. 13, 69 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Confidential email reflecting attorney-client communication regarding review of the Buckley claim. |
| OXF00050142–47 | Ex. 13, 70 | Privileged | N/A |

## APPENDIX B – BUCKLEY COMMUNICATIONS

| No. | Tab # | Privilege | Log Description |
|---|---|---|---|
| LOG0934 | 1 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0945 | 2 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0935 | 3 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0952 | 4 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0502 | 5 | Not privileged; non-substantive administrative email not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email with attachment prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0161 | 6 | Not privileged; non-substantive administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0560 | 7 | Not privileged; non-substantive administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain with attachment providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0083 | 8 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0042 | 9 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0037 | 10 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0344 | 11 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0289 | 12 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
|---------|----|-----|-----|
| LOG0079 | 13 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0601 | 14 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0608 | 15 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0145 | 16 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0164 | 17 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0672 | 18 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0254 | 19 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0057 | 20 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0017 | 21 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0168 | 22 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0223 | 23 | Not privileged; non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0003 | 24 | Not privileged; although one email is marked "Privileged and Confidential," that email only provides update concerning investigation; others are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0325 | 25 | Not privileged; although one email is marked "Privileged and Confidential," that email only provides update concerning investigation; others are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0481 | 26 | Not privileged; although one email is marked "Privileged and Confidential," that email only provides update concerning investigation; others are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0248 | 27 | Not privileged; although one email is marked "Privileged and Confidential," that email only provides update concerning investigation; others are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0191 | 28 | Not privileged; although one email is marked "Privileged and Confidential," that email only provides update concerning investigation; others are administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0445 | 29 | Not privileged; non-substantive scheduling email not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email requesting legal advice regarding Latham investigation. |
| LOG0058 | 30 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0462 | 31 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0562 | 32 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0556 | 33 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0448 | 34 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0167 | 35 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0385 | 36 | Privileged in part; the 12/29/17 11:17 PM email from Fred Spindel, 12/29/17 5:15 PM email from Benjamin Klubes, and the second 12/29/17 email from Fred Spindel are privileged and may be redacted; although one email is marked "Privileged and Confidential," that email only provides update concerning investigation; others are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0690 | 37 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0199 | 38 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0322 | 39 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0364 | 40 | Not privileged; non-substantive scheduling email not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0081 | 41 | Not privileged; non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0976 | 42 | Not privileged; 2/27/18 email from Chris Witeck was not made in the course of giving or seeking legal advice or for a primarily legal purpose; others were disclosed to third parties | Email with attachments providing information to assist in rendering legal advice regarding negotiation of Term Sheet or Retirement Agreement. |
| LOG0783 | 43 | Not privileged; non-substantive administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing legal advice regarding negotiation of Term Sheet or Retirement Agreement. |
| LOG0804 | 44 | Not privileged; non-substantive administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing legal advice regarding negotiation of Term Sheet or Retirement Agreement. |
| LOG0876 | 45 | Privileged in part; the 2/28/18 7:31 PM email from Ben Klubes is privileged and may be redacted; others were disclosed to third parties | Email chain requesting legal advice regarding Sandlers departure. |

| | | | |
|---|---|---|---|
| LOG0793 | 46 | Privileged in part; 2/28/18 7:40 PM email from Kathryn Ruemmler and the 2/28/18 7:31 PM email from Ben Klubes are privileged and may be redacted; others were disclosed to third parties and thus are not privileged | Email chain prepared in anticipation of litigation providing legal advice regarding Sandlers departure. |
| LOG0008 | 47 | Privileged | Email requesting legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0227 | 48 | Privileged | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0550 | 49 | Privileged | Email chain requesting legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0233 | 50 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, and the 3/2/18 5:46 PM email from Chris Witeck are privileged and may be redacted; the 3/2/18 email from Jonathan Su was non-substantive and not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |

| | | | |
|---|---|---|---|
| LOG0559 | 51 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; the 3/2/18 email from Jonathan Su was non-substantive and not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0362 | 52 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0090 | 53 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |

| | | | |
|---|---|---|---|
| LOG0372 | 54 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 5:45 PM email from Chris Witeck are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain reflecting information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0528 | 55 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 5:45 PM email from Chris Witeck are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain reflecting information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0334 | 56 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |

| LOG0317 | 57 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
|---|---|---|---|
| LOG0205 | 58 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0353 | 59 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain reflecting a request for legal advice regarding allegations against Andrew Sandler; Sandlers departure. |

| | | | |
|---|---|---|---|
| LOG0545 | 60 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0663 | 61 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0109 | 62 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |

| LOG0396 | 63 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
|---|---|---|---|
| LOG0128 | 64 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0422 | 65 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |

| | | | |
|---|---|---|---|
| LOG0055 | 66 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0664 | 67 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain reflecting information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure |
| LOG0343 | 68 | Privileged in part; the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain reflecting a request for legal advice regarding allegations against Andrew Sandler; Sandlers departure. |

| LOG0108 | 69 | Privileged | Email prepared in anticipation of litigation reflecting a request for legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0574 | 70 | Privileged | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0103 | 71 | Privileged | Email chain prepared in anticipation of litigation providing legal advice regarding Latham investigation. |
| LOG0511 | 72 | Privileged in part; the 3/6/18 9:54 PM email from Chris Witeck, the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain requesting information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |

| LOG0402 | 73 | Privileged in part; the 3/6/18 9:55 PM email from Anita Dunn, the 9:54 PM email from Chris Witeck, the 3/1/18 9:28 AM email from Benajmin Klubes, the 3/1/18 9:40 AM email from Tina Tchen, the 3/2/18 5:46 PM email from Chris Witeck, and the 3/2/18 10:57 PM email from Tina Tchen are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
|---|---|---|---|
| LOG0500 | 74 | Privileged | Email chain with attachment providing legal advice regarding allegations against Andrew Sandler; Sandlers departure. |
| LOG0955 | 75 | Privileged in part; the bullet point starting "2." in the 3/5/18 email from John Kromer and the first sentence of the bullet point starting "(2)" in the 3/5/18 email from Kathryn Ruemmler are privileged and may be redacted; the rest are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain requesting information to assist in rendering legal advice regarding Latham investigation. |

| | | | |
|---|---|---|---|
| LOG0958 | 76 | Privileged in part; the bullet point starting "2." in the 3/5/18 email from John Kromer and the first sentence of the bullet point starting "(2)" in the 3/5/18 email from Kathryn Ruemmler are privileged and may be redacted; the rest are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0942 | 77 | Privileged in part; the bullet point starting "2." in the 3/5/18 email from John Kromer and the first sentence of the bullet point starting "(2)" in the 3/5/18 email from Kathryn Ruemmler are privileged and may be redacted; the rest are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0954 | 78 | Privileged in part; the bullet point starting "2." in the 3/5/18 email from John Kromer and the first sentence of the bullet point starting "(2)" in the 3/5/18 email from Kathryn Ruemmler are privileged and may be redacted; the rest are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain reflecting a request for legal advice regarding Latham investigation. |

| LOG0940 | 79 | Privileged in part; the bullet point starting "2." in the 3/5/18 email from John Kromer and the first sentence of the bullet point starting "(2)" in the 3/5/18 email from Kathryn Ruemmler are privileged and may be redacted; the rest are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
|---------|----|---|---|
| LOG0561 | 80 | Privileged in part; the 3/8/18 email from Jonathan Su is privileged and may be redacted; other email is non-substantive and was not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure. |

| LOG0563 | 81 | Privileged in part; the following time entry descriptions of work performed are privileged and may be redacted from the 3/9/18 Latham invoice (all time entries from 2/3/18 through 2/28/18 except 2/15/18 K H Ruemmler and 2/16/18 J C Su) and from the 2/28/18 Latham invoice (12/31/17 K H Reummler after "regarding"; 1/10/18 K H Ruemmler after "regarding"; 1/12/18 K H Reummler after "Analysis regarding"; 1/18/18 P M Gilhuly after "regarding" and before "telephone"; 1/18/18 K H Ruemmler after "regarding"; 1/18/18 N G Anderson after "research" and before "draft"; 1/19/18 N G Anderson after "summary of"; 1/20/18 N G Anderson after "regarding"; 1/22/18 J C Su after "attention to" and before "further"; 1/22/18 E B Jones after the first "regarding" and before "conference"; 1/22/18 N G Anderson; 1/23/18 J C Su after "Attention to" and before "review"; 1/23/18 E B Jones after "research"; 1/23/18 N G Anderson; 1/24/18 J C Su after "regarding" and before "analysis" and after "review of"; 1/24/18 N G Anderson after "Draft and revise"; 1/25/18 L M Inscoe after "regarding"; 1/29/18 N G Anderson after "related to"; 1/30/18 N G Anderson after "Research"; 1/31/18 K H Reummler after | Email with attachments providing legal advice regarding Latham investigation. |

| | | "negotiations"; 1/31/18 J C Su after "review"; 1/31/18 E B Jones after "research"; 1/31/18 N G Anderson after "relating to"); the rest of the invoices and the cover email from Jonathan Su were not made in the course of giving or seeking legal advice or for a primarily legal purpose | |
|---|---|---|---|
| LOG0950 | 82 | Privileged in part; the bullet point starting "2." in the 3/5/18 email from John Kromer and the first sentence of the bullet point starting "(2)" in the 3/5/18 email from Kathryn Ruemmler are privileged and may be redacted; the rest are non-substantive scheduling and administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0468 | 83 | Privileged in part; the portions of this document that duplicate LOG0563 are privileged to the same extent and may be redacted accordingly; the rest of the document was not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain with attachments forwarding legal advice regarding Latham investigation. |
| LOG0459 | 84 | Not privileged; non-substantive emails concerning invoices not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0840 | 85 | Not privileged; non-substantive emails concerning invoices not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0140 | 86 | Not privileged; non-substantive emails concerning invoices not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0542 | 87 | Not privileged; non-substantive emails concerning invoices not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain reflecting legal advice regarding Latham investigation. |
| LOG0387 | 88 | Privileged | Email providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0537 | 89 | Privileged in part; the subject line after ":" is privileged and may be redacted; the rest is a non-substantive automatic email reply message which does not reflect the giving or seeking of legal advice | Email reflecting a request for legal advice regarding Sandlers departure. |
| LOG0565 | 90 | Privileged | Email chain providing legal advice regarding Sandlers departure. |

| LOG0129 | 91 | Privileged in part; the 3/27/18 email from John Kromer is privileged and may be redacted; the other is a non-substantive scheduling email which does not reflect the giving or seeking of legal advice | Email chain reflecting a request for legal advice regarding Sandlers departure. |
|---|---|---|---|
| LOG0005 | 92 | Privileged in part; the 3/27/18 email from John Kromer and the 3/27/18 email from Kathryn Ruemmler are privileged and may be redacted; the other is a non-substantive scheduling email which does not reflect the giving or seeking of legal advice | Email chain providing legal advice regarding Sandlers departure. |
| LOG0373 | 93 | Privileged in part; the 3/27/18 email from John Kromer and the 3/27/18 email from Kathryn Ruemmler are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0260 | 94 | Privileged in part; the 3/27/18 email from John Kromer and the 3/27/18 email from Kathryn Ruemmler are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| LOG0348 | 95 | Privileged in part; the 3/27/18 email from John Kromer and the 3/27/18 email from Kathryn Ruemmler are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
|---|---|---|---|
| LOG0113 | 96 | Privileged in part; the 3/27/18 email from John Kromer and the 3/27/18 email from Kathryn Ruemmler are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0154 | 97 | Privileged in part; the 3/27/18 email from John Kromer and the 3/27/18 email from Kathryn Ruemmler are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| | | | |
|---|---|---|---|
| LOG0304 | 98 | Privileged in part; the 3/27/18 email from John Kromer and the 3/27/18 email from Kathryn Ruemmler are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain reflecting a request for legal advice regarding Sandlers departure. |
| LOG0456 | 99 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain with attachment reflecting legal advice regarding Sandlers departure. |
| LOG0432 | 100 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| LOG0123 | 101 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
|---|---|---|---|
| LOG0419 | 102 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain reflecting a request for legal advice regarding Sandlers departure. |
| LOG0279 | 103 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| | | | |
|---|---|---|---|
| LOG0359 | 104 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG1006 | 105 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain forwarding information to assist in rendering legal advice regarding Sandlers departure. |
| LOG1004 | 106 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| | | | |
|---|---|---|---|
| LOG1008 | 107 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0139 | 108 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0044 | 109 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| LOG1003 | 110 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
|---------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------------------------------------------------------------------------------------------------|
| LOG0082 | 111 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0666 | 112 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| | | | |
|---|---|---|---|
| LOG1014 | 113 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0287 | 114 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0125 | 115 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| LOG0466 | 116 | Privileged | Email chain with attachments prepared in anticipation of litigation providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Latham investigation; Sandlers departure. |
|---|---|---|---|
| LOG0409 | 117 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email prepared in anticipation of litigation providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Latham investigation; Sandlers departure |
| LOG0208 | 118 | Privileged | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Sandlers departure |
| LOG0207 | 119 | Privileged | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0098 | 120 | Privileged | Email chain requesting information to assist in rendering legal advice regarding Sandlers departure. |
| LOG0155 | 121 | Privileged | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| LOG0266 | 122 | Privileged | Email chain requesting information to assist in rendering legal advice regarding Sandlers departure. |
|---|---|---|---|
| LOG0512 | 123 | Privileged | Email with attachments providing legal advice regarding allegations against Andrew Sandler; Latham investigation; Sandlers departure. |
| LOG0443 | 124 | Privileged | Email chain requesting legal advice regarding Sandlers departure. |
| LOG0141 | 125 | Privileged | Email chain providing information to assist in rendering legal advice regarding allegations against Andrew Sandler; Latham investigation; Sandlers departure. |
| LOG0070 | 126 | Privileged | Email chain providing legal advice regarding allegations against Andrew Sandler; Latham investigation; Sandlers departure. |
| LOG1015 | 127 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |

| LOG0385 | 128 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email prepared in anticipation of litigation reflecting a request for legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0045 | 129 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling email) | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0245 | 130 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0111 | 131 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain prepared in anticipation of litigation providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0467 | 132 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0374 | 133 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |

| | | | |
|---|---|---|---|
| LOG0262 | 134 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain reflecting a request for legal advice regarding Latham investigation. |
| LOG0012 | 135 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain reflecting a request for legal advice regarding Latham investigation. |
| LOG0243 | 136 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0380 | 137 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain reflecting a request for legal advice regarding Latham investigation. |
| LOG0063 | 138 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0421 | 139 | Not privileged; not made in the course of giving or seeking legal advice or for a primarily legal purpose (includes non-substantive scheduling emails) | Email chain reflecting a request for legal advice regarding Latham investigation. |

| LOG1005 | 140 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails which were not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
|---------|-----|-----|-----|
| LOG0572 | 141 | Privileged in part; the time entries on the invoices are privileged except for the 3/11/18 entry by J C Su on the 5/11/18 invoice beginning with "and," and these time entries may be redacted to this extent; the rest of the invoices and emails were not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email with attachments prepared in anticipation of litigation reflecting legal advice regarding Latham investigation. |
| LOG0553 | 142 | Not privileged; non-substantive administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation |
| LOG0278 | 143 | Not privileged; non-substantive administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation |

| | | | |
|---|---|---|---|
| LOG0964 | 144 | Privileged in part; the portions of this document that duplicate LOG0572 are privileged to the same extent and may be redacted accordingly; the rest of the invoices and emails were not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain with attachments forwarding information to assist in rendering legal advice regarding Latham investigation. |
| LOG0135 | 145 | Not privileged; non-substantive administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email reflecting information to assist in rendering legal advice regarding Latham investigation. |
| LOG0866 | 146 | Not privileged; non-substantive emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0854 | 147 | Not privileged; non-substantive emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0006 | 148 | Not privileged; non-substantive emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |

| LOG0534 | 149 | Privileged in part; the time entries on the invoices included in this document are privileged except for the 3/11/18 entry by J C Su on the 5/24/18 invoice beginning with "and," and these time entries may be redacted to this extent; the rest of the invoices and emails were not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email with attachments prepared in anticipation of litigation reflecting legal advice regarding Latham investigation. |
|---|---|---|---|
| LOG0848 | 150 | Not privileged; non-substantive administrative emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0969 | 151 | Privileged in part; the time entries on the invoices are privileged except for the 3/11/18 entry by J C Su on the 5/24/18 invoice beginning with "and," and these time entries may be redacted to this extent; the rest of the invoices and emails were not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain with attachments prepared in anticipation of litigation forwarding information to assist in rendering legal advice regarding Latham investigation. |

| LOG1007 | 152 | Privileged in part; the 3/27/18 email from John Kromer, the 3/27/18 email from Kathryn Ruemmler, and the 3/28/18 email from Josh Dorner are privileged and may be redacted; others are non-substantive scheduling emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Sandlers departure. |
|---|---|---|---|
| LOG0496 | 153 | Privileged in part; the 4/3/18 and 4/4/18 time entries on the 6/18/18 invoice are privileged and may be redacted; the rest of the invoice and email were not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain with attachment prepared in anticipation of litigation reflecting legal advice regarding Latham investigation. |
| LOG0567 | 154 | Not privileged; non-substantive emails not made in the course of giving or seeking legal advice or for a primarily legal purpose | Email chain providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0984 | 155 | Privileged | Email with attachment providing information to assist in rendering legal advice regarding Latham investigation. |
| LOG0974 | 156 | Privileged | Email chain requesting information to assist in rendering legal advice regarding Latham investigation. |

| LOG0943 | 157 | Privileged | Email chain providing information to assist in rendering legal advice regarding Latham investigation; Sandlers departure. |
| --- | --- | --- | --- |