IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-94

No. 219A21

Filed 19 August 2022

BUCKLEY, LLP

v.

SERIES 1 OF OXFORD INSURANCE COMPANY, NC, LLC

Appeal pursuant to N.C.G.S. § 7A-27(a)(3) from an order and opinion granting in part and denying in part plaintiff's and defendant's motions to compel entered on 9 November 2020 by Judge Louis A. Bledsoe III, Chief Business Court Judge, in Superior Court, Mecklenburg County, after the case was designated a mandatory complex business case by the Chief Justice pursuant to N.C.G.S. § 7A-45.4(b). Heard in the Supreme Court on 9 May 2022.

> *McGuire Woods LLP, by Mark W. Kinghorn for plaintiff-appellant.*
>
> *Womble Bond Dickinson (US) LLP, by James P. Cooney III and G. Michael Barnhill, for defendant-appellee.*
>
> *Patterson Harkavy LLP, by Paul E. Smith and Narendra K. Ghosh, and Winslow Wetsch, PLLC, by Laura J. Wetsch, for NC Advocates for Justice, amicus curiae.*
>
> *Alston & Bird LLP, by Brian D. Boone for Chamber of Commerce of the United States of America and Association of Corporate Counsel, amicus curiae.*

PER CURIAM.

¶ 1 The order and opinion entered on 9 November 2020, from which this interlocutory appeal is taken, is affirmed per curiam.

¶ 2 Under North Carolina law, to avail itself of attorney-client privilege, a party seeking to shield a portion of a communication from disclosure must show, *inter alia*, "the communication was made in the course of giving or seeking legal advice for a proper purpose although litigation need not be contemplated." *In re Miller*, 357 N.C. 316, 335 (2003) (quoting *State v. McIntosh*, 336 N.C. 517, 524 (1994)). "If [this] element[] is not present in any portion of an attorney-client communication, that portion of the communication is not privileged." *Id.*

¶ 3 This Court recently affirmed a Business Court opinion stating that "[b]usiness advice, such as financial advice or discussion concerning business negotiations, is not privileged." *Window World of Baton Rouge, LLC v. Window World, Inc.*, 2019 NCBC 53, 2019 WL 3995941, at *25 (N.C. Super. Aug. 16, 2019), *aff'd per curiam*, 377 N.C. 551, 2021-NCSC-70, ¶ 1 (quoting *N.C. Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 517 (M.D.N.C. 1986)). In *Window World*, the trial court further stated that "North Carolina courts apply the protection of the attorney-client privilege to in-house counsel in the same way that it is applied to other attorneys." 2019 WL 3995941, at *25. In today's business world, investigations of alleged violations of company policy, including policies prohibiting sexual harassment or discrimination, are ordinary business activities and, accordingly, the communications

made in such investigations are not necessarily "made in the course of giving or seeking legal advice for a proper purpose." *In re Miller*, 357 N.C. at 335 (quoting *McIntosh*, 336 N.C. at 24). "When communications contain intertwined business and legal advice, courts consider whether the 'primary purpose' of the communication was to seek or provide legal advice." *Window World*, 2019 WL 3995941, at *25.

¶ 4    Here the business court properly interpreted North Carolina law, including *In re Miller* and *Window World*, by recognizing that the investigation by outside counsel presented in this case had both business and legal purposes, conducting a detailed in camera review of each disputed document, and mandating disclosure of all communications that "were unrelated to the rendition of legal services," while protecting communications that "reflect a primary purpose of giving or receiving legal advice." Accordingly, the business court order is affirmed.

AFFIRMED.[1]

---

[1] The order and opinion of the North Carolina Business Court, 2020 NCBC 81, is available at https://www.nccourts.gov/documents/business-court-opinions/buckley-llp-v-series-1-of-oxford-ins-co-nc-llc-2020-ncbc-81.